

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
In re: : Chapter 11
:
Barnes Bay Development Ltd., *et al.*,[1] : Case No. 11-10792 (PJW)
:
Debtors. : Re: Docket No. 7
------------------------------------------------------------x

### ORDER (I) AUTHORIZING THE SALE OF RESIDENTIAL PROPERTIES AND (II) AUTHORIZING SATISFACTION OF CERTAIN PREPETITION OBLIGATIONS IN CONNECTION WITH SUCH SALES

This matter coming before the Court on the *Motion for an Order (i) Authorizing the Sale of Residential Properties and (ii) Authorizing Satisfaction of Prepetition Obligations in Connection with Such Sales* (the "Motion"),[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having reviewed the Motion and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Motion and the Hearing was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Motion is necessary and essential for the Debtors' reorganization and such relief is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

---

[1] The Debtors in these cases, along with the last four digits of the employer identification number for each of the Debtors, are Kor Duo Investment Partners II, L.P. (xx-xxx9891), Kor Duo II, LLC (xx-xxx5207) and Barnes Bay Development Ltd. Barnes Bay Development Ltd., is a company formed under the laws of Anguilla and, accordingly, does not have an employer identification number.

[2] Capitalized terms used but not defined herein have the meanings assigned to them in the Motion.

100642554
RLF1 3922813v. 2

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED.

2. Pursuant to §§ 105, 361, 363 and 1108,[3] the Debtors are authorized to continue selling Residential Properties in the ordinary course of business in accordance with the following procedures:

   (a) The Debtors are authorized, pursuant to §§ 1108 and 363(c)(1), to continue selling Residential Properties in the ordinary course of business without the necessity of further hearing or order of the Court. Notwithstanding the foregoing, the Debtors shall seek prior court approval of any proposed sale of a Residential Property for which the proposed sale price is less than the aggregate amount of Direct Secured Debt associated with such property.

   (b) All sales of Residential Properties by the Debtors shall be free and clear of any and all liens, claims, interests and encumbrances and other interests, pursuant to § 363(f), with any perfected liens attaching to the proceeds of such sales in the same force, effect and priority as such liens had immediately prior to the closing of such sale, subject to the rights and defenses of the Debtors and any party in interest.

   (c) As adequate protection of the Lender's interest in the Residential Properties, pursuant to §§ 361 and 363(e), the Debtors shall be authorized and required to remit payment to the Lender at closing in an amount equal to the Direct Secured Debt in connection with any sale property.

   (d) The foregoing payments of adequate protection shall not constitute any finding by the Court, or any admission by the Debtors, with respect to the validity, priority or extent of any related Direct Secured Claim, as to which any and all rights shall be preserved.

   (e) The Debtors shall be authorized to make modifications as are necessary to the Operative Documents for the sale and marketing of Residential Properties.

   (f) The Debtors shall be authorized to market Residential Properties through the Customer Programs in the ordinary course of the Debtors' business and to incur the expenses associated therewith.

---

[3] Unless otherwise noted, section (§) references herein are to the Bankruptcy Code.

100642554

RLF1 3922813v. 2

2

3. The Debtors and any other authorized intermediary participating in any postpetition closing of sales of Residential Properties are authorized to transfer title, deed property and take any other actions necessary to transfer ownership to the buyer of Residential Properties.

4. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these cases and upon any chapter 7 trustee appointed in the event of a subsequent conversion of these cases to cases under chapter 7. Nothing herein shall be deemed to prohibit, affect or otherwise prejudice the rights, obligations and/or duties of any subsequently appointed Chapter 7 Trustee, including but not limited to, the Chapter 7 trustee's right to seek and obtain an order under 11 U.S.C. § 721.

5. This Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

Dated: March 21, 2011
Wilmington, Delaware

THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE

100642554
RLF1 3922813v. 2

3