IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------x
In re:                                : Chapter 11
                                      :
Barnes Bay Development Ltd., *et al.* : Case No. 11-10792 (PJW)
                                      :
                    Debtors.          :
                                      :
                                      :
                                      :
---------------------------------------------------x

## OBJECTION TO DISCLOSURE STATEMENT

PLEASE TAKE NOTICE that Royal Butterfly, LLC ("LLC"), by the undersigned counsel hereby objects to the Disclosure Statement in Support of Second Amended Joint Chapter 11 Plan of Liquidation (the "Disclosure Statement") filed by debtor Barnes Bay Development Ltd. ("Barnes Bay") on the ground the Disclosure Statement fails to contain adequate information as defined in 11 U.S.C. §1125(a) that would enable a reasonable investor typical of holders of claims and interests of the relevant classes to make an informed judgment about the Second Amended Joint Chapter 11 Plan of Liquidation (the "Plan"). Specifically:

1. The Plan appears to improperly provide for separate classification of similarly situated claims in violation of U.S.C. §§1122 and 1123(a)(4) and the Disclosure Statement does not contain adequate information concerning these classifications.

2. A group of Barnes Bay's creditors consist of parties who entered into purchase and sale agreements with Barnes Bay for the purchase of residential properties

at Barnes Bay's development in Anguilla. The Disclosure Statement and the Plan identify each such agreement as a "PSA," identify each claim arising from the rejection or termination of a PSA as a "PSA Claim" and identify each creditor holding a PSA Claim as a "PSA Creditor."

3. LLC is a PSA Creditor, as it entered into a purchase and sale agreement with Barnes Bay on May 21, 2005 to purchase a residential property for $5,550,000 and paid deposits totaling $1,999,000 to Barnes Bay. LLC terminated its purchase and sale agreement with Barnes Bay by a letter dated March 20, 2009

4. The Plan and the Disclosure Statement divide the PSA Claims into three classes: Class 6 (Tier 1); Class 7 (Tier 2); and Class 8 (Tier 3).

5. According to the Plan, Tier 1 claims "are certain Claims arising from PSAs that were terminated prior to the Petition Date [March 17, 2011]." According to the Disclosure Statement, Tier 1 claims arise "from PSAs that are alleged to have been terminated prior to the Petition Date."

6. According to the Plan, Tier 2 claims are "Claims arising from pending or threatened prepetition litigation relating to a PSA that either (i) resulted in the entry of a Consent Judgment or out-of-court settlement agreed to by Barnes Bay and the corresponding PSA Creditor, or (ii) was subjected to a standstill agreement executed by Barnes Bay and such PSA Creditor prior to the Petition Date."

7. According to the Plan, Tier 3 claims are "any Claim that arises from a PSA and is not a PSA Claim (Tier 1) or a PSA Claim (Tier 2)."

8. According to the Plan and the Disclosure Statement, a Tier 1 claim has the option of receiving a distribution equal to 50% of such allowed claim, a Tier 2 claim has

the option of receiving a distribution equal to 25% of such allowed claim and a Tier 3 claim has the option of receiving a distribution equal to 15% of such allowed claim.

9. However, the Disclosure Statement fails to include any information or rationale as to why the similarly situated PSA Claims have been divided into these three classes or as to why drastically different distributions are available to the similarly situated PSA Claims. Instead, the provisions of the Disclosure Statement which address this issue are little more than a tautology.

10. In particular, the Disclosure Statement offers no information or rationale as to why LLC's claim has been classified as a Tier 3 claim. As described above, LLC terminated its purchase and sale agreement with Barnes Bay *nearly two years* before the Petition Date. Based upon the definitions in the Plan, LLC's claim should be classified as a Tier 1 claim. However, the Plan classifies LLC's claim as a Tier 3 claim but the Disclosure Statement offers no clue as to the reason for that classification. At a minimum, "the classification of the claims or interests must be reasonable," *Matter of Jersey City Medical Center*, 817 F.2d 1055, 1061 (3d Cir. 1987), but here there is no basis to conclude that this standard has been met.

WHEREFORE, the Disclosure Statement should be disapproved.

Dated: New York, New York
       June 22, 2011

                    FERBER CHAN ESSNER & COLLER, LLP

                    By: _____
                          Robert M. Kaplan
                    Attorneys for Royal Butterfly, LLC
                    530 Fifth Avenue, 23rd Floor
                    New York, New York 10036
                    (212) 944-2200