# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

.......................................................................x
|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| Barnes Bay Development, Ltd., *et al.*,[1] | : | Case No. 11- 10792 (PJW) |
|  | : |  |
| Debtors. | : | Re: Docket No. 191, 442, 444, 448 & 467 |
.......................................................................x

## ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) DETERMINING DATES, PROCEDURES, AND FORMS APPLICABLE TO SOLICITATION PROCESS, (III) ESTABLISHING VOTE TABULATION PROCEDURES, AND (IV) ESTABLISHING OBJECTION DEADLINE AND SCHEDULING HEARING TO CONSIDER CONFIRMATION OF PLAN

Upon consideration of the *Motion for Entry of an Order (i) Approving Disclosure Statement, (ii) Determining Dates, Procedures, and Forms Applicable to Solicitation Process, (iii) Establishing Vote Tabulation Procedures, and (iv) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of Plan* (the "*Motion*")[2] pursuant to §§ 105(a), 1125, and 1126 of title 11 of the United States Code (the "***Bankruptcy Code***")[3] and Rules 2002, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"); and it appearing that adequate and sufficient notice of the Motion and the hearing on the Disclosure Statement having been provided and no other or further notice need be provided, and upon the record at the hearing on June 30, 2011, and all the proceedings before the Court in these chapter 11 cases, and all objections to the Motion and the Disclosure Statement having been

---

[1] The Debtors in these cases, along with the last four digits of the employer identification number for each of the Debtors, are Kor Duo Investment Partners II, LP (xx-xxx9891), Kor Duo II, LLC (xx-xxx5207) and Barnes Bay Development, Ltd. Barnes Bay Development, Ltd., is a company formed under the laws of Anguilla and, accordingly, does not have an employer identification number.

[2] Capitalized terms used and not defined herein shall have the same meaning ascribed to such terms in the Motion or in the Plan, as applicable.

[3] Unless otherwise noted, all section (§) references herein are to the Bankruptcy Code.

resolved, overruled by the Court, withdrawn or rendered moot; and following due deliberation, and just cause existing for the relief requested in the Motion:

**THE COURT HEREBY FINDS:**

A.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1234.

B.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.     The Disclosure Statement contains adequate information within the meaning of § 1125.

D.     Notice of the hearing on the Disclosure Statement and this Motion was sufficient.

E.     The relief requested in the Motion is in the best interest of the Debtors, their estates and other parties in interest, and sufficient cause appearing thereof,

**NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1.     The Motion is GRANTED.

2.     The Disclosure Statement is hereby APPROVED in all respects pursuant to § 1125 and Bankruptcy Rule 3017(b).

3.     Kurtzman Carson Consultants LLC is authorized to serve as the Debtors' solicitation, noticing and balloting agent (the "*Claims Agent*") to assist the Debtors in soliciting votes on and providing notice of the Plan, including mailing solicitation packages and notices, receiving and tabulating ballots cast on the Plan, and certifying to the Court the results of the balloting.

4.     The record date for determining the holders of claims and interests entitled to receive solicitation packages and/or notices, as more particularly provided in this Order is the date that is two business days after the Court enters this Order (the "*Voting Record Date*"). Only

2

holders of claims and interests as of the Voting Record Date are entitled to the voting and notice rights provided for in this Order.

5.      The date by which the ballots cast to accept or reject the Plan must be received by the Claims Agent is **August 10, 2011 at 5:00 p.m. (Pacific Time)** (the "*Voting Deadline*").  The Debtors and the Official Committee of Unsecured Creditors (the "*Committee*") may extend the Voting Deadline in favor of any voter, any class of voters, or all of the voters by filing a notice of the extension(s) with the Court and by serving a copy of such notice upon the Claims Agent. Ballots not received by the Voting Deadline, or by any extended voting deadline as provided for in this Order, shall not be counted.

6.      The forms of ballots attached hereto as **Exhibit A** are approved subject in all cases to the right of the Debtors and the Committee to make additional correcting, conforming, and formatting changes to such forms of ballots.

7.      As soon as practicable, but in no event later than five business days after the entry of this Order (the "*Solicitation Commencement Date*"), the Debtors, through the Claims Agent, shall commence the solicitation and noticing process by placing the solicitation materials and notices approved in this Order in the mail, first class postage prepaid.

8.      The solicitation materials to be transmitted on or before the Solicitation Commencement Date (except with respect to beneficial holders) to those holders as of the Voting Record Date of claims in classes entitled to vote on the Plan, as described in paragraph 9 below, shall include the following: (i) notice of the Confirmation Hearing and objection deadline; (ii) the Disclosure Statement; (iii) the Plan (appended to the Disclosure Statement); (iv) an appropriate ballot; (v) the Solicitation Procedures Order; and (vi) a pre-addressed postage prepaid return envelope (collectively, the "*Solicitation Package*").

9. The following holders of claims are entitled to vote on the Plan and thus to receive the Solicitation Package:

(a) any Holder, as of the Voting Record Date, of Claims in Classes 3, 5, 6, 7, 8 and 9 —

- who have filed timely proofs of claim (or untimely proofs of claim that have been allowed as timely by the Court on or before the Voting Record Date), in the amounts asserted in such proofs of claim, provided that such proofs of claim (i) have not been disallowed by an order of the Court entered on or before the Voting Record Date, (ii) are not the subject of an objection to the entirety of the claim pending as of the Voting Record Date (with voting permitted only with respect to any amount thereof that is not subject to objection), (iii) have not been reduced by order of the Court or are not subject to an objection pending before the Court for reduction (with voting permitted only in the reduced or proposed reduced amount and/or classification), or (iv) do not allege claims that are wholly unliquidated (with voting permitted only with respect to the amount thereof that is fixed); or

- who have not filed timely proofs of claim but whose claims are scheduled in the Debtors' schedules, or any amendments thereto, but are not designated therein as contingent, unliquidated, or disputed or listed therein as zero or unknown in amount, in the amounts set forth in the schedules, or any amendments thereto.

Voting creditors who have filed duplicate claims, or who have asserted guarantee or other multi-debtor claims for the same underlying liability that are classified in the same class, shall be entitled to receive only one Solicitation Package and one ballot for voting their claims with respect to that class.

10. Nothing in this Order affects the Debtors' right (or any other party's right, if applicable) to object to any proof of claim after the Voting Record Date or the Voting Deadline.

11. Holders of Claims that are (i) asserted as wholly unliquidated, (ii) asserted in an untimely proof of claim (unless allowed as timely prior to the Voting Record Date), or (iii) asserted in a proof of claim as to which an objection to the entirety of the Claim is pending as of the Voting Record Date (collectively, the "*Disputed Claimants*") are not permitted to vote unless

the Court enters an order granting a Rule 3018 Motion not later than five days prior to the Voting Deadline. **July 22, 2011** at 5:00 p.m. (Eastern Time) is hereby established as the deadline for Rule 3018 Motions to be filed with the Court and served upon (i) the Debtors' counsel, (ii) the Committee's counsel, (iii) counsel to SOF-VIII-Hotel II Anguilla Holdings, LLC (the "*Lender*"), and (iv) the Claims Agent (the "*Rule 3018 Motion Deadline*"). The Co-Proponents' response to any timely-filed Rule 3018 Motion shall be filed not later than **August 1, 2011** at 5:00 p.m. (Eastern Time). If any Disputed Claimant timely files and serves a Rule 3018 Motion in accordance with this paragraph, the Court will hold a hearing on the Rule 3018 Motion on **August 4, 2011** at 9:30 a.m. (Eastern Time) and enter an order (the "*Rule 3018 Order*") to determine whether such Disputed Claimant should be allowed to vote on the Plan, and the amount of such claim for voting purposes.

12.     A PSA Creditor that believes its Claim has been improperly classified in Class 6, 7 or 8 may challenge such classification by filing an appropriate motion with the Court on or before **July 22, 2011** at 5:00 p.m. prevailing Eastern Time and serving it upon (i) the Debtors' counsel, (ii) the Committee's counsel, (iii) counsel to the Lender, and (iv) the Claims Agent. The Co-Proponents' response to any such timely-filed motion shall be filed not later than **August 1, 2011** at 5:00 p.m. (Eastern Time), and the Court will hold a hearing on such motion on **August 4, 2011** at 9:30 a.m. (Eastern Time). Any PSA Creditor that does not timely file a motion as set forth in this paragraph 12 shall be barred from thereafter challenging the classification of such PSA Creditor's PSA Claim; *provided, however*, that the failure to file such a motion shall not bar or prohibit any PSA Creditor from challenging or objecting to the confirmation of the Plan on other grounds, including objections to the classification of claims generally under the Plan.

13.     For voting purposes only, in those instances in which a creditor failed to assert a claim against a specific debtor or asserted a claim against multiple debtors the claim shall be deemed filed against the lead debtor, Barnes Bay Development, Ltd. (Case No. 11-70293 (PJW)).

14.     The Claims Agent shall mail, first class postage prepaid, on or before the Solicitation Commencement Date, to the Disputed Claimants, the Disputed Claimant Package as described in the Motion.

15.     The Claims Agent shall mail, first class postage prepaid, on or before the Solicitation Commencement Date, to the Unimpaired and Impaired Holders a notice in substantially the form attached hereto as **Exhibit B** (the "***Notice of Non-Voting Status***"), in lieu of a Solicitation Package.   The Notice of Non-Voting Status satisfies the requirements of Bankruptcy Rule 3017(d).

16.     No Solicitation Packages or other notices approved in this Order shall be transmitted to (i) holders of claims listed on the schedules, or any amendments thereto, that have already been paid in full during these cases or that are authorized to be paid in full in the ordinary course of business pursuant to orders previously entered by this Court, (ii) any person to whom the Debtors mailed a notice of the commencement of the case and first meeting of creditors or a notice of the bar date for filing proofs of claim if either of such notices was returned marked "undeliverable" or "moved - no forwarding address" or for a similar reason, unless the Debtors have been informed in writing by such person of that person's new address, or (iii) any holder of a claim that was disallowed in full by order of this Court.   Notwithstanding anything set forth herein, the Debtors shall provide notice of the Confirmation Hearing as well as

the deadline for filing objections thereto to all parties in interest as required by Bankruptcy Rule 2002.

17.     On or as soon as practicable after the Solicitation Commencement Date, the Debtors or the Claims Agent shall mail to the U.S. Trustee, for informational purposes, a Solicitation Package and a copy of all forms of ballots and notices approved by this Court. The Debtors or the Claims Agent shall also mail Solicitation Packages without ballots, for informational purposes, to counter-parties to executory contracts who are not otherwise scheduled and who have not filed proofs of claim and other parties on the 2002 Service List maintained in these cases.

18.     On or as soon as practicable after the Solicitation Commencement Date, the Debtors or the Claims Agent shall mail the Confirmation Hearing Notice to holders of claims listed on the schedules, or any amendments thereto, as contingent, unliquidated, or disputed or as zero or unknown in amount who did not file proofs of claim.

19.     Unless otherwise directed by the Court, the Claims Agent shall follow the guidelines set forth below in tabulating the votes to accept or reject the Plan:

     (a)     Subject to paragraph (b) below, any ballot that is timely received, that contains sufficient information to permit the identification of the claimant and that is cast as an acceptance or rejection of the Plan shall be counted and shall be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan.

     (b)     The following ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (i) any ballot received after the Voting Deadline unless the Debtors have granted an extension of the Voting Deadline with respect to such ballot; (ii) any ballot that is illegible or contains insufficient information to permit the identification of the claimant; (iii) any ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan; (iv) any ballot cast for a claim designated as unliquidated, or disputed, or as zero or unknown in amount and for which no Bankruptcy Rule 3018(a) Order has been entered at least five (5) days prior to the Voting Deadline allowing the claim for voting purposes; (v) any ballot

timely received that is cast in a manner that indicates neither an acceptance nor rejection of the Plan or that indicates both an acceptance and rejection of the Plan; (vi) any unsigned ballot; or (vii) any ballot that is electronically submitted.

(c) Notwithstanding Bankruptcy Rule 3018(a), whenever two or more ballots are cast voting the same claim prior to the Voting Deadline, the last dated valid ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede any prior ballots, without prejudice to the Debtors' right (or the right of any other party, if applicable) to object to the validity of the last dated valid ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the first dated ballot for all purposes.

(d) Claim splitting shall not be permitted. Creditors who vote must vote all of their claims within a particular class to either accept or reject the Plan.

(e) Any party who has delivered a valid ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Claims Agent at any time prior to the Voting Deadline. A notice of withdrawal, to be valid, must (i) contain the description of the claim to which it relates and the aggregate principal amount represented by such claim, (ii) be signed by the withdrawing party in the same manner as the ballot being withdrawn, (iii) contain a certification that the withdrawing party owns the Claim(s) and possesses the right to withdraw the vote sought to be withdrawn, and (iv) be received by the Claims Agent prior to the Voting Deadline.

(f) Ballots sent via facsimile or electronic mail transmission shall be invalidated by the Claims Agent.

(g) Any PSA Creditor that has previously commenced a PSA Enforcement Action but does not wish to elect the Enforcement Option may instead receive a Distribution under Section 4.6(b), 4.7(b) or 4.8(b), as applicable, or elect the Purchase Option by withdrawing such PSA Enforcement Action with prejudice and notifying Debtors' counsel and the Committee's counsel of such withdrawal prior to the Voting Deadline.

20. The Claims Agent shall maintain the confidentiality of social security numbers, if any are provided, on return Ballots and shall redact the social security number before making a copy of any Ballot available to a third party.

21. The Claims Agent is authorized to provide to voters notification of defects in filed ballots and an opportunity to cure same, but shall not be under any duty to do so, nor shall the

Claims Agent or any other person or entity incur any liability for failure to provide such notification.

22.　　The hearing to consider confirmation of the Plan shall be held on **August 17, 2011 at 11:00 a.m.　(Eastern Time)**, before the Honorable Peter J. Walsh, United States Bankruptcy Judge, United States Bankruptcy Court of the District of Delaware, 824 Market Street, 6th Floor, Courtroom #2, Wilmington, DE　19801; *provided*, *however*, that the hearing may be adjourned from time to time without further notice to creditors or other parties in interest, other than by announcement of such an adjournment in open court.

23.　　Objections (including any accompanying briefs), if any, to confirmation of the Plan or proposed modifications to the Plan must (i) be in writing, (ii) state the name and address of the objecting party and the nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection to confirmation of the Plan or proposed modification to the Plan, and (iv) be filed, together with proof of service, so as to be **received no later than 5:00 p.m. (Eastern Time) on August 10, 2011** by the Office of the Clerk, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, DE　19801, and served on each of the following parties: (i) the Debtors, c/o Kor Realty Group, 421 South Beverly Drive, 7th Floor, Beverly Hills, CA　90212; (ii) Counsel to the Debtors, (a) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Paul Heath, Esquire and Chun I. Jang, Esquire, and (b) Akin Gump Strauss Hauer & Feld LLP, 1700 Pacific Avenue, Suite 4100 Dallas, TX 75201, Attn: Charles R. Gibbs, Esquire and Michael P. Cooley, Esquire; (iii) Counsel to the Committee, Brown Rudnick LLP, Seven Times Square, New York, New York 10036, Attn: Gordon Z. Novod, Esquire; (iv) Counsel to the Lender, DLA Piper LLP (US), 203 North LaSalle Street, 19th Floor, Chicago, IL 60601, Attn:

Richard A. Chesley, Esquire; and (v) Office of the United States Trustee, J. Caleb Boggs Federal Building, 2nd Floor, 844 King Street, Wilmington, DE 19801.

24.     Any objections to confirmation of the Plan not timely filed and served in the manner set forth above shall not be considered and shall be overruled.

25.     Replies, if any, to any objection to confirmation of, or proposed modifications to, the Plan shall be filed and served so that they are actually **received no later than 5:00 p.m. (Eastern Time) on August 15, 2011** by the Court and the objecting party.

26.     The deadline for submission of the Certification of Votes shall be **August 15, 2011 at 12:00 p.m. (Eastern Time)**.

27.     The form of notice of the confirmation hearing date and objection deadline, which is attached hereto as **Exhibit C**, (the *"Confirmation Hearing Notice"*) is approved.   The Confirmation Hearing Notice shall be included in the Solicitation Packages.

28.     Within five business days following entry of the Solicitation Procedures Order, a notice in substantially the form attached hereto as **Exhibit D** shall be published in *The Wall Street Journal* (National Edition).

29.     The Debtors and the Committee, with the consent of the Lender, are authorized to make nonsubstantive changes to the Disclosure Statement, the Plan, and related documents without further Order of the Court, including without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other related materials prior to their mailing to parties in interest.

30.    The Court shall retain jurisdiction to implement, interpret, and effectuate the provisions of this Order.

Dated: July 6, 2011
          Wilmington, Delaware

_____
The Honorable Peter J. Walsh
United States Bankruptcy Judge