UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| **Barnes Bay Development, Ltd.,** *et al*, | : | Case No: 11-10792(PJW) |
| | : | |
| | : | Jointly Administered |
| | : | |
| Debtors | : | **Hearing Date: November 22, 2011 @ 2:00 p.m.** |
| | : | **Objection Deadline: November 10, 2011 @ 4:00 p.m.** |

## THE UNITED STATES TRUSTEE'S MOTION TO CONVERT
## OR DISMISS CHAPTER 11 CASES PURSUANT TO 11 U.S.C. § 1112(b)

Roberta A. DeAngelis, the United States Trustee ("U. S. Trustee") for this District, by and through her counsel, hereby files her Motion for an Order Converting or Dismissing Chapter 11 Cases[1] ("Motion") and respectfully represents as follows:

1. This Court has jurisdiction to hear and consider this Motion.

2. Pursuant to 28 U.S.C. § 586(a)(3), the U. S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the U. S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U. S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U. S. Trustee as a "watchdog").

3. Under 11 U.S.C. § 307, the U. S. Trustee has standing to be heard on the issues raised herein.

---

[1] The related Chapter 11 debtor cases are Kor Duo II, LLC (Case No. 11-10790) and Kor Duo Investment Partners II, LP (Case No. 11-10791). These cases are jointly administered.

-1-

4. On March 179, 2011, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

5. The U.S. Trustee appointed an Official Committee of Unsecured Creditors ("Committee") in this case on March 31, 2011. (D. E. 58).

6. The Chapter 11 debtors are Kor Duo Investment Partners II, LP; ("KDIP"), Kor Duo II, LLC ("Kor Duo"), and Barnes Bay Development Ltd. ("Barnes Bay"), collectively, the "Debtors").

7. Kor Duo is the general partner of KDIP. Barnes Bay, which is wholly-owned by KDIP, is the principal operating company of the Debtors. Barnes Bay owns The Viceroy Anguilla Resort and Residences (the "Property"), which comprises the principal assets of the Debtors.

8. The Second Amended Chapter 11 Plan of Liquidation (the "Plan") was filed on June 28, 2011.

9. On September 15, 2011, SOF-VIII-Hotel II Anguilla Holdings, LLC filed a Motion for Relief from the Automatic Stay for the Limited Purpose of Registering the Transfer of Title to the Property (D. E. 800).

10. On September 20, 2011, this Court entered the Order Granting Motion of SOF-VIII-Hotel II Anguilla Holdings, LLC for Relief from the Automatic Stay for the Limited Purpose of Registering the Transfer of Title to the Property. (D. E. 813).

11. Thereafter on September 22, 2011, Jonathan Simon and W.O. Viceroy I Ltd., ("Simon") filed a Motion for the Dismissal of Barnes Bay Development Ltd.'s Chapter 11 Bankruptcy Case Pursuant to 11 U.S.C. § 1112(b) or, in the Alternative, for an Order Granting Relief from the Automatic Stay; and (2) To Set Aside Order Granting Motion of SOF-VIII-Hotel II

Anguilla Holdings, LLC for Relief from the Automatic Stay (the "Simon Motion"). (D. E. 823).

12. After a plenary hearing on Plan confirmation, on or about September 23, 2011, this Court denied confirmation of the Plan for, among other things, the Plan's improper classification of similarly situated claims in violation of Section 1123(a)(4) of the Bankruptcy Code.

13. On October 3, 2011, this Court granted in part the Simon Motion and entered the Stipulated Order Vacating Automatic Stay (D. E. 860) which lifted the automatic stay with respect to debtor Barnes Bay enabling Simon and other parties-in-interest to enforce their rights and prosecute their claims and causes of action against Barnes Bay including but not limited to the appointment of a liquidator or receiver under Anguillan law. But, the Stipulated Order Vacating Automatic Stay did not vacate the Order Granting Motion of SOF-VIII-Hotel II Anguilla Holdings, LLC for Relief from the Automatic Stay for the Limited Purpose of Registering the Transfer of Title to the Property.[2] (D. E. 813).

14. In accordance with 11 U.S.C.§ 704 (7) and (8), made applicable in Chapter 11 cases by 11 U.S.C. §§ 1106(a)(1) and 1107 (a) and Fed. R. Bankr. P. 2015, certain reports as prescribed by the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases are required to be filed and supplied in each case ("MORs").

15. The Debtors have failed to file the August and September MORs or pay the proper sum of 28 U.S.C. § 1930(a)(6) fees ("Quarterly Fees").

---

[2] In support of this relief, Simon asserted in its motion that, it was appropriate for the Barnes Bay case to be dismissed or, in the alternative, for the automatic stay to be lifted so that Simon, *et al*, may pursue all of their rights in Anguilla including the right to seek the appointment of a provisional liquidator in accordance with Anguillan law. Simon Motion at paragraph 5, p. 2. Upon information and belief, Simon and/or other creditors are seeking the appointment of a provisional liquidator in Anguilla.

16.     The Debtors are delinquent in the payment of their Quarterly Fees and are in arrears[3] in the estimated sum of $20,000.00 based upon estimated disbursements. The U. S. Trustee was required to estimate the disbursements and Quarterly Fees due to the failure to timely file MORs. The actual quantum of Quarterly Fees may be lesser or greater based upon actual disbursements[4].

17.     Additionally, the Plan was not confirmed and it appears that the Debtors will be and are unable to confirm a plan as it appears that the Chapter 11 cases are administratively insolvent. There appears to be a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.[5]

18.     The failure to pay any fees or charges required under chapter 123 of title 28 and the substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation are all grounds for dismissal or conversion of the Chapter 11 cases

---

[3] On June 14, 2011, this Court entered the Order (Final) (A) Authorizing Debtors (i) To Obtain Post-Petition Financing and (ii) To Use Cash Collateral; (B) Granting Liens and Providing Super-Priority Claims; and (C) Granting Adequate Protection To Pre-Petition Secured Parties (D. E. 389) ("Final DIP Order") that provided, among other things, a carve-out for the payment of the " . . . quarterly fees required to be paid pursuant to 28 U.S.C. § 1930(a)(6), . . ." . Paragraph 5, p. 11 of the Final DIP Order. However, despite this provision of the Final DIP Order, Quarterly Fees remain due and owing.

[4] The payment of Quarterly Fees is required by law and the parties may not avert, abrogate or avoid their obligation to pay Quarterly Fees. The payment of Quarterly Fees is required until the cases are closed, converted or dismissed. *United States Trustee v. The Stone Mansion at Gryphon*, 166 F. 3d 552 (3d Cir. 1999).

[5] In the Simon Motion, the creditors recognized the futility of confirming a Chapter 11 plan and stated, *inter alia*, that as was established at the September 20, 2011 confirmation hearing (i) the Debtors' failed to file a Modified Plan by this Court's deadline, (ii) there appeared to be no chance of successfully confirming a plan in the Barnes Bay Development Ltd. case, (iii) the Debtors' estates are either out of funds to operate their business or shortly will be, (iv) the Debtors' bankruptcy cases are administratively insolvent, and the parties were intent upon immediately pursuing their rights under Anguillan law as against Barnes Bay Development, Ltd. See, the Simon Motion at paragraph 10, p.4.

pursuant to 11 U.S.C. § 1112(b) which provides that a court shall convert or dismiss a case, whichever is in the best interests of creditors and the estate, for cause, including, but not limited to the failure to pay any fees or charges required under chapter 123 of title 28 and the substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation are all grounds for conversion or dismissal of the Chapter 11 case.

19. Causes for conversion or dismissal enumerated in 11 U.S.C. § 1112(b) are not exclusive and the court has broad discretion in determining cause. King, *Collier on Bankruptcy*, Vol. 7, ¶ 1112.01(a) (15th Rev'd Ed.). The Court may convert or dismiss a case for reasons that are not specifically enumerated in § 1112 of the Code. *First Jersey Nat'l Bank v. Brown*, 951 F.2d 564, 572 (3rd Cir. 1991).

20. Whether the cases should be converted or dismissed is in the court's sound discretion and is based on what is in the best interest of the creditors and the estate. *In re Shockley*, 197 BR 677, 679 (Bankr. D.Mont. 1996); *In re Mechanical Maintenance*, 128 BR 382, 386 (Bankr. E.D.Pa. 1991). However, there is no dispute that the Debtors failed to file a confirm a plan, to file MORs, pay the proper sum of Quarterly Fees and there appears to be a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation, all leading to the conclusion that the cases should either be converted or dismissed pursuant to Section 1112(b) of the Bankruptcy Code.

21. The U. S. Trustee reserves and any all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter, substitute and/or modify this Motion, request any and all other appropriate or additional relief, and to conduct any and all discovery as may be deemed

necessary or as may be required and to assert such other grounds as may become apparent.[6]

**WHEREFORE**, for the foregoing reasons, the United States Trustee respectfully requests that this Court enter an order either dismissing or converting the Chapter 11 cases or such other relief as may be in the best interests of the estate and creditors and for such other and further relief that is deemed fair, just, equitable and proper.

**ROBERTA A. DEANGELIS**
**UNITED STATES TRUSTEE**

By: /s/Richard L. Schepacarter
Richard L. Schepacarter
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Room 2207
Wilmington, DE 19801
Phone: (302) 573-6491
Dated: October 21, 2011    Fax: (302) 573-6497

---

[6] The U. S. Trustee reserves the right to cross-examine any witnesses whose testimony is offered in response to, in support of or in opposition to this Motion.